■ In the Matter of JAIME R. VARGAS, as Parent and Natural Guardian of DANIEL R. VARGAS, an Infant, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent-Appellant.— Order entered March 23, 1967 in Bronx County Clerk's office granting petitioner permission to bring an action against MVAIC affirmed on the law and the facts, with $30 costs and disbursements to petitioner. On this appeal the only issue of substance is whether petitioner has complied with section 618 (subd. [a], par. [5]) of the Insurance Law by showing that "all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and * * * [that the same] * * * cannot be established". We find that there was sufficient evidence to support the conclusion of the court below. Although, through a third person, the name of a man said to be the driver of the vehicle was given to petitioner, who then gave the name to the police, petitioner and a principal witness testified that when the police brought that man to the precinct station and asked them to identify him, they were unable to do so; and the man was not held, nor was suit instituted against him. In essence the question is whether the written statements in English which an investigator for MVAIC obtained nine months after the accident from petitioner and his witness, whose native tongue is Spanish but who knew some English, were sufficient to destroy petitioner's prima facie case. It is apparent that the court below discounted the statements. We cannot say that the trier of the facts, after hearing petitioner and his witness, erred as a matter of law in so doing. The cases relied upon by MVAIC (Matter of Chocko v. MVAIC, 20 A D 2d 728; and Matter of Ruiz v. MVAIC, 19 A D 2d 832) are factually distinguishable. Concur — Capozzoli, Tilzer, McGivern and Witmer, JJ.; Steuer, J. P., dissents in the following memorandum: This is a petition for leave to sue respondent MVAIC pursuant to section 618 of the Insurance Law upon the ground that the owner of the vehicle causing the accident cannot be ascertained. The accident happened at a cross walk. The petitioner and several of his family were crossing when petitioner's son, on whose behalf the petition is sought, was struck. Concededly a man claiming to be a passenger in the offending automobile later contacted one of petitioner's relatives who was present at the accident. This man gave the name of the owner-driver, his address and the registration of the car. Petitioner admittedly gave this information to the police and the driver was apprehended. Thereafter both the petitioner and the relative contacted gave statements in writing to respondent to the above effect, plus statements that they recognized and identified both the driver and the car. As to these, both the petitioner and his witness claimed that the statements were in English, which they do not understand, and so they did not know what they were signing. For reasons factually uncontested, this explanation is unavailing. The statements were prepared and signed in the office of petitioner's lawyer, who was at all times present. Admittedly the statements were read to the signers in their presence. It is patently inconceivable — even assuming what is extremely doubtful, namely, that they did not understand the purport of their statements — that this was not made clear to them. The petition should have been dismissed and the petitioner left to his remedy against the owner and driver of the car.